# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WEST BEND MUTUAL INSURANCE COMPANY,

        Plaintiff,

Case No. 2:21-cv-11007

v.

Hon.

AFFILIATED DIAGNOSTIC OF OAKLAND, LLC
AKHTAR A. ALI, PHD,
AMERICAN MEDICAL CENTER,
ASCENSION MACOMB OAKLAND HOSPITAL,
AMERICAN SPECIALTY PHARMACY, INC. D/B/A ASP CARES
PHARMACY,
AUTO RX, LC,
BIOMOLECULAR INTEGRATIONS, INC.
CITY 2 CITY TRANSPORTATION, LLC
CONTINUOUS TRANSPORTATION,
DEPENDABLE HEALTH MANAGEMENT, INC.,
FIVE STAR COMFORT CARE, LLC
GREATER LAKES AMBULATORY SURGICAL CENTER, LLC
JIAB SULEIMAN, D.O., P.C. D/B/A PREMIER ORTHOPEDICS
LEVEL 1 HEALTH SYSTEMS OF MICHIGAN, LLC
LEVEL 1 PHYSICAL THERAPY & REHAB, LLC,
LIVONIA CARE PHARMACY, INC.
MEDS DIRECT PHARMACY #2,
MICHIGAN FIRST REHAB, LLC,
MICHIGAN INSTITUTE OF MUSCULOSKELETAL MEDICINE,
MICHIGAN PAIN SPECIALISTS, PLLC,
MOBILE MRI, LLC,
MOBILE MRI STAFFING, LLC, D/B/A METRO MRI CENTER,
MUHAMMAD AWAISI, M.D.,
NEW CLEAR IMAGES,
NILESHKUMAR G. PATEL, MD,
NORTHLAND HEALTHCARE SERVICES, PLLC,
OPTIMAL THERAPY,
ORCHARD LABORATORIES CORP. D/B/A ORCHARD TOXICOLOGY,
ORTHOPEDIC MEDICAL SUPPLIES, INC.,

ORTHOPEDIC PHYSICAL THERAPY & REHABILITATION, LLC,
PEDRO O TOWEH, M.D.,
PRESCRIPTION PARTNERS, LLC,
RENT & SAVE AUTO RENTAL, INC. D/B/A RENT A RIDE OF DETROIT
REVIVAL PHYSICAL THERAPY LLC (A.K.A RELIEF PHYSICAL THERAPY
& REHAB SERVICES),
SCAN TRUE, LLC, (A.K.A. TRUE SCAN, LLC),
SELECT MEDICAL GROUP OF MICHIGAN, PLLC,
SELECT SPECIALISTS, LLC,
SINAI UNIVERSITY MEDICAL GROUP PC (A.K.A. SINAI-GRACE
HOSPITALIST GROUP PC),
TOTAL TOXICOLOGY LABS, LLC
TOX TESTING, INC., (D/B/A METRO TOXICOLOGY LABS, PARAGON
DIAGNOSTICS, PRO TOXICOLOGY TESTING),
UNITED LAB RX, LLC,
UNITED ONE MEDICAL TRANSPORTATION LLC
US HEALTHCARE MI, PC,
US HEALTH PHARMACEUTICALS LLC,
MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY,
CITIZENS INSURANCE COMPANY OF THE MIDWEST,

        Defendants.
_____

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, West Bend Mutual Insurance Company ("West Bend"), through its attorneys, brings this Complaint for Declaratory Judgment, and in support thereof states as follows:

## INTRODUCTION

1.   This case arises out of an automobile accident and subsequent disputes over reimbursement for purported personal injury protection (PIP) benefits under Michigan's no-fault law, Mich. Comp. Laws § 500.3101 *et seq.*

2.      Kavell Rashid, Demonio Dukes, Abdul Shabazz, Colita Coles, Canaan Thomas, Robert Thompson, Deontae Thompson, Mario Jones, Cathy Jones, Michael Davis, Tracey Rasheed, Tanae Rasheed, Britney Robinson, Yolanda Houston, Deon Edwards, and Justin Sandifer (collectively, "Claimants") allege that they were involved in an automobile accident on February 3, 2020 (the "Underlying Accident").

3.      The Underlying Accident involved a vehicle (the "Subject Vehicle") listed under an insurance policy (the "Policy") that West Bend had issued to Kristy's Early Childhood Development Center, Inc. ("Kristy's"), a childcare provider in Detroit.  (The Policy is attached hereto as Exhibit 1.)

4.      In issuing the Policy and adding the Subject Vehicle to the Policy, West Bend undertook to insure Kristy's solely against risks associated with its childcare business.

5.      The Underlying Accident, however, involved circumstances completely unrelated to the conduct of Kristy's childcare business; it is undisputed that the Subject Vehicle was not being used for any purpose relating to Kristy's childcare business operations at the time of the Underlying Accident.

6.      Instead, at the time of the Underlying Accident, the Subject Vehicle was being used as a public or livery conveyance by a separate business entity, DLB

Transportation LLC ("DLB"), which had held the Subject Vehicle out to the Claimants for hire.

7.      During its investigation of the Underlying Accident, West Bend determined that Kristy's had made material misrepresentations or concealed material facts when the Policy was issued and when the Subject Vehicle was added to the Policy by failing to disclose that DLB would use the Subject Vehicle in connection with its business.

8.      In response to Kristy's fraud, West Bend initiated a declaratory judgment action, and named the Claimants, seeking rescission of the Policy and a declaration that the Policy was void *ab initio* in a case captioned *West Bend Mutual Insurance Company v. Dukes*, No. 20-cv-11621-BAF-EAS (E.D. Mich.) (the "Rescission Action").

9.      West Bend sought waivers of service from the Claimants of whom it was aware at the time, and invited them to participate, yet counsel for one group of Claimants failed to respond, and counsel for a second group of Claimants refused to participate in the Rescission Action.

10.     West Bend ultimately obtained a default judgment against Kristy's and a declaration that the Policy is void.  (The judgment is attached hereto as Exhibit 2.)

11.     Despite the rescission of the Policy as to Kristy's, and after many Claimants refused to participate in the Rescission Action, certain Defendants have now filed lawsuits against West Bend in state court, seeking reimbursement for the alleged medical services provided to the Claimants, under an assignment of rights.

12.     West Bend now seeks to enforce the rescission and voiding of the Policy as to these Defendants.  Specifically, West Bend seeks declaratory judgment pursuant to 28 U.S.C. § 2201 that the rescinded Policy does not provide any coverage or benefits for any claims arising out of the Underlying Accident whatsoever, including but not limited to any claims for PIP or UM benefits.

13.     In the alternative, West Bend seeks declaratory judgment pursuant to 28 U.S.C. § 2201 that the Policy does not provide UM coverage or benefits for any claims arising out of the Underlying Accident pursuant to the Public or Livery Conveyance Exclusion.

### THE PARTIES

14.     West Bend is a mutual company with its principal place of business in Wisconsin.  West Bend has no parent corporation. No publicly held corporation owns ten percent or more of the stock of West Bend.

15.     Upon information and belief, none of the Defendants are citizens of Wisconsin.

## A. MEDICAL PROVIDER DEFENDANTS

16.    The Defendants described in this section shall be referred to collectively as "Medical Provider Defendants."

17.    Upon information and belief, Medical Provider Defendants provided medical services to some or all of the Claimants.

18.    Affiliated Diagnostic of Oakland, LLC is a Michigan limited liability company with its principal place of business at 26550 Northwestern Hwy, Southfield, MI 48076.

19.    Akhtar A. Ali, PhD is a citizen of Arkansas who provides medical services at the University of Arkansas for Medical Sciences, located at 4301 W Markham St, Slot 831, Little Rock, AR 72205.

20.    American Medical Center is a Michigan professional limited liability company with its principal place of business at 20905 Greenfield Rd., Ste. 607M, Southfield, MI 48075.

21.    Ascension Macomb Oakland Hospital is a Michigan nonprofit corporation with its principal place of business at 27351 Dequindre Rd, Madison Heights, MI 48071.

22.    American Specialty Pharmacy, Inc. d/b/a ASP Cares Pharmacy is a Texas profit corporation transacting business within Michigan at 560 W. 14 Mile, Clawson, MI 48017.

23.     Auto RX, LC, is a Utah limited liability company transacting business within Michigan at 30600 Telegraph Rd., Ste. 2345, Bingham Farms, MI 48025.

24.     Biomolecular Integrations, Inc. is an Arkansas profit corporation with its principal address at 1900 Sawgrass Dr., Little Rock, AR 72212.

25.     City 2 City Transportation, LLC is a Michigan limited liability company with its principal place of business at 10378 W. Warren Ave., Dearborn, MI 48126.

26.     Continuous Transportation is a Michigan profit corporation with its registered office at PO Box 182037, Shelby Twp., MI 48318.

27.     Dependable Health Management, Inc. is a Michigan profit corporation with its registered office at PO Box 1535, Warren, MI 48090.

28.     Five Star Comfort Care, LLC is a Michigan limited liability company with its registered office at 6815 Neckel, Dearborn, MI 48126.

29.     Greater Lakes Ambulatory Surgical Center, LLC is a Michigan limited liability company with its principal place of business at 16100 19 Mile Rd #100, Clinton Twp., MI 48038.

30.     Jiab Suleiman, D.O., P.C., also d/b/a Premier Orthopedics, is a Michigan professional corporation with its principal place of business at 17000 Executive Plaza Dr., Suite 101, Dearborn, MI 48126.

31.     Level 1 Health Systems of Michigan, LLC is a Michigan limited liability company with its principal place of business at 26321 Woodward Ave., Huntington Woods, MI 48070.

32.     Level 1 Physical Therapy & Rehab, LLC is a Michigan limited liability company with its principal place of business at 20755 Greenfield Rd., Ste. 202, Southfield, MI 48075.

33.     Livonia Care Pharmacy, Inc. is a Michigan profit corporation with its principal place of business at 16989 Farmington Rd, Livonia, MI 48154.

34.     Meds Direct Pharmacy #2 is a Nevada limited liability company transacting business within Michigan at 16100 19 Mile Rd., Ste. 800, Clinton Township, MI 48038.

35.     Michigan First Rehab, LLC is a Michigan limited liability company with its principal place of business at 23350 Greenfield Rd., Suite 101, Oak Park, MI 48237.

36.     Michigan Institute of Musculoskeletal Medicine is a Michigan professional limited liability company with its principal place of business at 26206 W. 12 Mile Rd., Southfield, MI.

37.     Michigan Pain Specialists, PLLC is a Michigan professional limited liability company with its principal place of business at 135 S. Prospect St., Ypsilanti, MI 48198.

38.    Mobile MRI, LLC is a Michigan limited liability company with its principal place of business at 363 W. Big Beaver Rd., Suite 200, Troy, MI 48084.

39.    Mobile MRI Staffing, LLC, d/b/a Metro MRI Center is a Michigan limited liability company with its principal place of business at 3815 Pine Harbor Dr., West Bloomfield, MI 48323.

40.    Muhammad Awaisi, M.D. is a citizen of Michigan transacting business at 35 S. Johnson St., Ste. 2B, Pontiac, MI 48341.

41.    New Clear Images is a Michigan limited liability company with its principal place of business at 17000 Executive Plaza Drive, Dearborn, MI 48126.

42.    Nileshkumar G. Patel, MD, is a citizen of Michigan residing at 555 S Mission St., Mount Pleasant, MI 48858.

43.    Northland Healthcare Services, PLLC is a Michigan professional limited liability company with its principal place of business at 23300 Greenfield Rd., Ste. 205, Oak Park, MI 48237.

44.    Optimal Therapy is a Michigan limited liability company with its principal place of business at 70001 Wyoming, 2B, Dearborn, MI 48216.

45.    Orchard Laboratories Corp. d/b/a Orchard Toxicology is a Michigan profit corporation with its principal place of business at 7091 Orchard Lake Rd., #100, West Bloomfield Twp., MI 48322.

46.     Orthopedic Medical Supplies, Inc. is a Michigan profit corporation with its principal place of business at 7424 Baria St., Dearborn, MI 48126.

47.     Orthopedic Physical Therapy & Rehabilitation, LLC is a Michigan limited liability company with its principal place of business at 27253 Van Dyke, Warren, MI 48093.

48.     Pedro Toweh, M.D., is a Michigan citizen transacting business at 725 E. 9 Mile Rd., Ferndale, MI 48220.

49.     Prescription Partners, LLC is a Florida limited liability company transacting business within Michigan at 40600 Ann Arbor Rd. E., Ste. 201, Plymouth, MI 48170.

50.     Rent & Save Auto Rental, Inc. d/b/a Rent A Ride of Detroit is a Michigan profit corporation with its principal place of business at 21331 W. 8 Mile Rd., Detroit, MI 48219.

51.     Revival Physical Therapy LLC is a Michigan limited liability company with its principal place of business at 7001 Wyoming, Dearborn, MI 48126.

52.     Scan True, LLC a/k/a True Scan, LLC is a Michigan limited liability company with its principal place of business at 24881 W. 10 Mile Rd., Southfield, MI 48033.

53.    Select Medical Group of Michigan, PLLC is a Michigan professional limited liability company with its principal place of business at 23350 Greenfield Rd. Ste., 200, Oak Park, MI 48237.

54.    Select Specialists, LLC is a Michigan limited liability company with its principal place of business at 25354 Evergreen Rd., Southfield, MI 48075.

55.    Sinai University Medical Group PC a/k/a Sinai-Grace Hospitalist Group, PC is a Michigan professional corporation with its principal place of business at 6071 West Outer Drive, Detroit, MI.

56.    Total Toxicology Labs, LLC is a Michigan limited liability company with its principal place of business at 24525 Southfield Road, Ste. 100, Southfield, MI 48075.

57.    Tox Testing Inc., d/b/a Metro Toxicology Labs, Paragon Diagnostics, and Pro Toxicology Testing, is a Delaware profit corporation transacting business within Michigan at 16100 19 Mile Rd., Ste. 200, Clinton Township, MI 48038.

58.    United Lab RX, LLC is a Michigan limited liability company with its principal place of business at 28266 Franklin Rd., Suite A, Southfield, MI 48034.

59.    United One Medical Transportation LLC is a Michigan limited liability company with its principal place of business at 4300 Seymour St., Dearborn, MI 48126.

60.    US Healthcare MI, PC is a Michigan professional corporation with its principal place of business at 35 S. Johnson St., Ste. 2B, Pontiac, MI 48341.

61.    US Health Pharmaceuticals LLC is a Nevada limited liability company with its principal place of business at 16100 19 Mile Rd., Ste. 800, Clinton Township, MI 48038.

## B. OTHER DEFENDANTS

62.    The Michigan Automobile Insurance Placement Facility is a statutorily created organization, *see* Mich. Comp. Laws § 500.3301 *et seq.*, primarily responsible for ensuring that automobile insurance coverage is available to any person otherwise unable to procure that insurance through ordinary methods, and also tasked with adopting and implementing an Assigned Claims Plan. *See* Mich. Comp. Laws §§ 500.3171–.3178.

63.    Citizens Insurance Company of the Midwest is an Indiana corporation authorized to transact business in Michigan and, upon information and belief, is the Assigned Claims Plan insurer for any claims arising out of the Underlying Accident.

## JURISDICTION AND VENUE

64.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

65.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this judicial district.

## THE POLICY

66.     The Policy contains a PIP Endorsement and a UM Coverage Endorsement.  (*See* Exhibit 1, Policy, at 141-44, 147-50.)

67.     The Policy contains a Public or Livery Passenger Conveyance, Transportation Network and On-Demand Delivery Services Exclusion Endorsement (the "Public or Livery Conveyance Exclusion"), which provides:

**MICHIGAN PUBLIC OR LIVERY PASSENGER CONVEYANCE, TRANSPORTATION NETWORK AND ON-DEMAND DELIVERY SERVICES EXCLUSION**

**\*\*\***

**D. Changes In Uninsured Motorists Coverage**

If Uninsured Motorists Coverage is attached, then the following exclusion is added:

**Public Or Livery Passenger Conveyance And On-demand Delivery Services**

This insurance does not apply to any covered "auto" while being used:

1. As a public or livery conveyance for passengers. This includes, but is not limited to, any period of time a covered "auto" is being used by an "insured" who is logged into a "transportation network platform" as a

> driver, whether or not a passenger is "occupying" the covered "auto"[.]

(*See* Exhibit 1, Policy, at 158-59.)

## KRISTY'S FRAUD IN PROCURING INSURANCE COVERAGE

68. In the application for the Policy, Kristy's indicated that it did not perform any non-childcare operations and that any vehicles covered by the Policy were solely owned by and registered to Kristy's.

69. On October 17, 2019, the Policy was changed to add the Subject Vehicle based on information furnished by Kristy's, including that the Subject Vehicle would be used only in connection with Kristy's business operations.

70. West Bend issued the Policy, and added the Subject Vehicle to the Policy, based upon the representations made by Kristy's that Kristy's performed only childcare operations and that the Subject Vehicle would be used only in connection with Kristy's business operations.

71. Contrary to the above representations, the Subject Vehicle was registered to DLB at all times material, and the Subject Vehicle was used to provide transportation in exchange for a fee as part of DLB's business operations.

## THE UNDERLYING ACCIDENT

72. On February 3, 2020, the Subject Vehicle was transporting several passengers, including, allegedly, the Claimants, when it became involved in the Underlying Accident.

73.     The Claimants had rented the Subject Vehicle from DLB for a fee.

74.     Following the Underlying Accident, the Claimants sought UM/UIM benefits and PIP benefits under the Policy for injuries allegedly sustained in the Underlying Accident.

## WEST BEND SEEKS RESCISSION OF THE POLICY

75.     On June 19, 2020, West Bend filed the Rescission Action seeking to rescind the Policy and have it declared void *ab initio* on the grounds of fraud in procurement.  *See West Bend Mutual Insurance Company v. Dukes*, No. 20-cv-11621-BAF-EAS (E.D. Mich.).

76.     On July 29, 2020, West Bend provided notice by email to counsel for certain Claimants that it had filed the Rescission Action, and requested that counsel execute waivers of service on behalf of the Claimants they represented.

77.     An attorney for one group of Claimants never responded to West Bend's correspondence.

78.     An attorney for another group of Claimants refused to participate in the Rescission Action and advised West Bend that the Claimants he represented had no interest in participating.

79.     West Bend attempted to locate the Claimants for service of process in the Rescission Action, but was unable to do so successfully.

80.    The Claimants did not voluntarily appear or answer the complaint in the Rescission Action.

81.    West Bend contemporaneously sought to examine the Claimants under oath, and the Claimants failed to cooperate or appear.

82.    Each underlying Claimant was requested on at least one occasion and in the case of most Claimants, multiple occasions, to appear for an Examination Under Oath (EUO), but each Claimant refused to appear for same.

83.    Additionally, depositions were noticed for five of the Claimants (Michael Davis, Justin Sandifer, Cathy Jones, Britney Robinson, and Yolanda Houston) in a related medical provider suit filed by Defendant Five Star Comfort Care in Wayne County Circuit Court, Case No. 20-008968-NF, but all five Claimants refused to appear for their respective properly noticed depositions.

84.    Each and every Claimant has refused to participate in West Bend's investigation into their respective claims.

85.    Ultimately, West Bend voluntarily dismissed each of the Claimants from the Rescission Action so as to efficiently pursue its claims against Kristy's, which had advised West Bend that it did not intend to oppose the Rescission Action.

86.    None of the Claimants or Medical Provider Defendants attempted to intervene in the Rescission Action following Kristy's default.

87.     On January 8, 2021, the Clerk of Court entered Kristy's default in the Rescission Action, and on February 8, 2021, the district court entered judgment in favor of West Bend against Kristy's and declared the Policy void.  (*See* Exhibit 2.)

## MEDICAL PROVIDER DEFENDANTS FILE LAWSUITS SEEKING REIMBURSEMENT UNDER THE POLICY

88.     Upon information and belief, when receiving medical services, the Claimants assigned their purported rights to PIP benefits to Medical Provider Defendants.

89.     As assignees, Medical Provider Defendants stand in the shoes of the Claimants and cannot recover any purported benefits under the Policy that the Claimants cannot recover.

90.     In light of the rescission of the Policy as to Kristy's, West Bend has requested that Medical Provider Defendants voluntarily dismiss these lawsuits.

91.     Several Medical Provider Defendants have agreed to voluntarily dismiss these lawsuits, but several lawsuits remain pending in state court.

92.     West Bend has a reasonable belief that more of the Medical Provider Defendants will file lawsuits against West Bend in state court, seeking reimbursement under the Policy for medical services provided to the Claimants.

93.     West Bend has filed this action and joined all of the Medical Provider Defendants of whom it is currently aware so as to efficiently resolve the rescission issues and reduce the possibility of inconsistent rulings in several courts.

94.     West Bend has provided notice of this action to all of the Medical Provider Defendants of whom it is aware.

## BALANCING OF EQUITIES

95.     The Michigan Supreme Court has abrogated the judicially created innocent-third-party rule, which precluded an insurer from rescinding an insurance policy procured through fraud where there was a claim against the policy involving an innocent third party.  *Bazzi v. Sentinel Ins. Co.*, 502 Mich. 390, 919 N.W.2d 20 (2018); *Titan Ins. Co. v. Hyten*, 491 Mich. 547; 817 N.W.2d 562 (2012).

96.     While rescission on the grounds of fraud in the procurement of an insurance policy is not an absolute right, and rescission does not function by automatic operation of the law as to innocent third parties, a court sitting in equity may exercise its discretion and void an insurance policy as to innocent third parties.  *Bazzi v. Sentinel Ins. Co.*, 502 Mich. 390, 919 N.W.2d 20 (2018).

97.     In exercising its discretion to void an insurance policy as to innocent third parties, a court must balance the equities between the innocent insurer and the innocent third party.  *Bazzi v. Sentinel Ins. Co.*, 502 Mich. 390, 919 N.W.2d 20 (2018).

98.     In balancing the equities to resolve the issue of rescission, a court may consider the following non-exclusive list of factors:

(1) the extent to which the insurer could have uncovered the subject matter of the fraud before the innocent third party was injured;

(2) the relationship between the fraudulent insured and the innocent third party to determine if the third party had some knowledge of the fraud;

(3) the nature of the innocent third party's conduct, whether reckless or negligent, in the injury-causing event;

(4) the availability of an alternate avenue for recovery if the insurance policy is not enforced; and

(5) a determination of whether policy enforcement only serves to relieve the fraudulent insured of what would otherwise be the fraudulent insured's personal liability to the innocent third party.

*Pioneer State Mut. Ins. Co. v. Wright*, 331 Mich. App. 396, 952 N.W.2d 586.

99.    In *Roberts Orthopedic Servs. v. Allstate Ins. Co.*, No. 349786, 2021 WL 406609 (Mich. Ct. App. Feb. 4, 2021) (unpublished), the Michigan Court of Appeals affirmed the trial court's order of summary disposition in favor of the defendant-insurer, in which the trial court found that the district court's order in *Omar v. Allstate Ins. Co. ("Omar I")*, No. 2:17-CV-13400, 2019 WL 2051893 (E.D. Mich. Mar. 14, 2019), *reconsideration denied*, No. 2:17-CV-13400, 2019 WL 7593713 (E.D. Mich. Oct. 30, 2019) barred plaintiff's claim based on res judicata.

100.    In *Omar I*, the district court found that there was no genuine dispute of material fact that the insurance policy was obtained through material misrepresentation and, as a result, the plaintiff (a third party to the insurance policy) was not entitled to recover no-fault act benefits.  2019 WL 2051893, at *2.

101.    The plaintiff filed a motion for reconsideration, which the district court denied, rejecting the plaintiff's assertion that his innocence with respect to

the policyholder's initial fraud tipped the equities in his favor." *Omar v. Allstate Ins. Co. ("Omar II")*, No. 2:17-CV-13400, 2019 WL 7593713, at *1 (E.D. Mich. Oct. 30, 2019).

102.   Instead, because of the plaintiff's conduct when pursuing his third-party benefits claim, the district court determined that it was more equitable for the plaintiff to bear the cost of the policyholder's fraud than it would have been for the defendant-insurer to bear the cost. *Id.*, at *2.

103.   The balancing of equities in this case favors rescission of the Policy as to the Claimants and, by extension, Medical Provider Defendants as Claimants' assignees.

104.   As discussed *supra*, the Claimants have thwarted West Bend's attempts to investigate their respective PIP and UM claims by refusing to appear for both properly noticed EUOs and Depositions.

105.   Claimants EUOs were requested as follows:

- Michael Davis: May 18, 2020; July 8, 2020; and August 19, 2020

- Justin Sandifer: May 19, 2020; July 2, 2020; August 20, 2020

- Britney Robinson: May 19, 2020; July 2, 2020; August 20, 2020

- Cathy Jones: May 19, 2020; July 2, 2020; August 20, 2020

- Tracey Abdur-Rasheed: August 18, 2020

- Yolanda Houston: May 18, 2020; July 2, 2020; and August 19, 2020

- Tanae Rasheed: May 19, 2020; June 24, 2020; and August 18, 2020

- Colita Coles: April 20, 2020

- Demonio Dukes: April 20, 2020

- Deon Edwards: April 20, 2020

- Mario Jones: April 20, 2020 and May 27, 2020

- Abdul Shabazz: April 21, 2020

- Canaan Thomas: April 21, 2020

- Deontae Thompson: April 21, 2020

- Robert Thompson: April 21, 2020

## COUNT I – RESCISSION AS TO THE CLAIMANTS AND MEDICAL PROVIDER DEFENDANTS

106. West Bend realleges and incorporates by reference Paragraphs 1 through 105.

107. As a result of Kristy's fraud in procuring insurance coverage, the Policy has been declared void *ab initio*, and does not provide coverage or benefits for any claims arising out of the Underlying Accident, including, but not limited to, claims for PIP or UM coverage or benefits.

108.   The equities weigh in favor of rescission of the Policy as to the Claimants and Medical Provider Defendants.

109.   The Claimants have failed to cooperate in any aspect of West Bend's investigation into their respective PIP and UM claims and in no way can be considered innocent third parties.

WHEREFORE, West Bend respectfully requests that the Court declare that the rescission of the Policy as to Kristy's is enforceable as to the Claimants and Medical Provider Defendants, and therefore, the Policy does not provide any coverage or benefits for any claims arising out of the Underlying Accident whatsoever, including but not limited to any claims for PIP or UM coverage or benefits.

## COUNT II (IN THE ALTERNATIVE) – DECLARATORY JUDGMENT

110.   West Bend realleges and incorporates by reference Paragraphs 1 through 109.

111.   In the alternative, if the Court determines that the equities weigh against rescission, West Bend seeks a declaration that there is no coverage under the Policy's UM coverage for any claims arising out of the Underlying Accident.

112.   The Public or Livery Conveyance Exclusion provides that UM coverage does not apply to any covered "auto" while being used as a public or livery conveyance for passengers.

113.   DLB held the Subject Vehicle out to the public for hire.

114.   Claimants rented the Subject Vehicle for a fee from DLB.

115.   At the time of the Underlying Accident, the Subject Vehicle was being used as a public or livery conveyance in connection with DLB's business operations.

116.   The Public or Livery Conveyance Exclusion therefore precludes UM coverage under the Policy.

WHEREFORE, West Bend respectfully requests in the alternative that the Court declare that the Policy does not provide UM coverage or benefits for any claims arising out of the Underlying Accident.

## SUMMARY OF CLAIMS

WHEREFORE, West Bend requests that the Court:

A.   Declare that the Policy is rescinded and rendered void *ab initio* as to the Claimants and Medical Provider Defendants and has no force or effect whatsoever with respect to any insurance coverage issues arising out of the Underlying Accident;

B.   Declare that the Policy does not provide any coverage or benefits for any claims arising out of the Underlying Accident whatsoever, including, but not limited to, claims for PIP or UM coverage or benefits;

C.    In the alternative, declare that the Policy does not provide UM coverage or benefits for any claims arising out of the Underlying Accident;

D.    Grant such other relief as the Court deems just and equitable.


Dated this 3rd day of May, 2021.

Respectfully submitted,

By: /s *Jason R. Fathallah*
     Jason R. Fathallah (P70434)
     AJ Fabianczyk (WI #1101448)
     HUSCH BLACKWELL LLP
     511 North Broadway, Suite 1100
     Milwaukee, WI 53202
     Telephone:(414) 273-2100
     Fax:  (414) 223-5000
     jason.fathallah@huschblackwell.com
     aj.fabianczyk@huschblackwell.com

     *Attorneys for Plaintiff, West Bend Mutual Insurance Company*